### BEALS v. CLEVELAND, C., C. & ST. L. RY. CO.

#### (Circuit Court, E. D. Illinois. April 12, 1907.)

NEW TRIAL—GROUNDS—ERRONEOUS SUBMISSION OF QUESTION OF LAW TO JURY.

The erroneous submission to the jury of a question, which, under the evidence, was one of law, entitles the defendant to a new trial where a general verdict for plaintiff was returned, and it does not appear that it was not based on an erroneous finding on such question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 56.]

At Law. On motion by defendant for new trial.

Mabin & Morris, for plaintiff.
Hamlin & Gillespie, for defendant.

WRIGHT, District Judge. At the trial both parties requested the court to charge the jury on the law of the case, conforming in substance and effect, to the definition and rules relative to fellow serv-

ants, as adopted and applied by the Supreme Court of Illinois, and this the court endeavored to do. Previous to the submission of the case to the jury, the defendant's counsel had moved the court to direct a verdict for the defendant, but the court overruled the motion. At the time of the disposition of such motion, the court was of the opinion, and then had it in mind, that the case ought not to be submitted to the jury on the question of fellow servant, but the motion, as then understood by the court, was general, and did not separate this issue from the other issue made by the pleading and the evidence, namely, the alleged negligence of the defendant in retaining in its service a servant who, as then contended, was in the habit of being intoxicated, to which intoxication the injury to the plaintiff was attributed, and so the court denied the motion, then intending (although perhaps not stated), to submit the latter issue alone in its charge to the jury, and would have done this but for the intervention of both sides by requests for instructions containing the substantial elements of the doctrine of fellow servants held by the Supreme Court of Illinois. In doing this, however, the court went further than it had been requested by the defendant, and submitted to the jury, as a question of fact, the question whether Bean, the one who negligently failed to flag the train of plaintiff, was then a fellow servant of the plaintiff. To this action of the court the defendant has excepted, and has argued this point in support of its motion for a new trial.

In endeavoring to reach a proper conclusion upon which to dispose of the motion for a new trial, the court has tried to invoke the rule that where both sides have requested substantially the same instructions to the jury, and the court was thereby induced to give such charge, although it might afterwards appear to have been prejudicial and erroneous to one of the parties, neither party is in a position to complain, because of having participated in inducing the court to do the very thing complained of. But, in recurring to such rule, as against the defendant here, I am as constantly reminded that it did not request the court to submit to the jury, as it did, as a question of fact whether plaintiff and Bean were fellow servants. It may be argued that, under the Illinois rule of fellow servants, invoked by the defendant in its requests for instruction, it is an integral part thereof that who are fellow servants is a question for the jury, and that the defendant ought not to be heard against the action of the court in that respect. There is doubtless great force in such position, but the verdict of the jury, however, is a general one, and, by the motion for a new trial, it is challenged as a whole. It is impossible for the court now to determine whether the jury found Bean and the plaintiff not to be fellow servants, and that the master was liable for the negligence of Bean, or whether the jury found the relation of fellow servants to exist, and that the master was negligent in retaining Bean in its service because of habits of intoxication. If the verdict was based on the former alternative, and it is as reasonable to suppose that as the other, then, under the rules established by the federal decisions relative to fellow servants, it cannot be sustained, as it seems by those decisions the plaintiff and Bean were fellow servants. It is unnecessary for the court to cite numerous cases to prove this. In B. & O.

R. R. v. Baugh, 149 U. S. 384, 13 Sup. Ct. 920, 37 L. Ed. 772, it was said:

"Prima facie, all who enter into the employ of a single master are engaged in a common service and are fellow servants, and some other line of demarcation than of control must exist to destroy the relation of fellow servants. All enter into the service of the same master to further his interests in the same enterprise. Each knows when entering into that service that there is some risk of injury through the negligence of other employés, and that risk, which he knows exists, he assumes in entering into the employment."

In the case presented the plaintiff and Bean entered into the service of the same master, the defendant, to further its interests in the same enterprise, namely, safely running its trains upon the tracks of the railroad. Here, it is true, Bean and the plaintiff were upon separate trains running in the same direction, but the enterprise—the business—was the same, and not distinct or different; and the negligence of Bean—his neglect to flag plaintiff's train, in consequence of which the collision and injury occurred—was clearly the neglect of a fellow servant, and one of the risks plaintiff assumed in entering into the employment of the defendant.

It was wrong to submit this question to the jury, and their finding upon it is both against the law and the fact. Without proof of a breach of some positive duty of the master there can be no liability. There was evidence in the case tending to show that Bean was a person in the habit of being intoxicated, and that in a reasonable supervision of its business the defendant might have known this. This element in the case and the evidence upon it presupposed that Bean was a fellow servant of the plaintiff, and had the case been submitted to the jury solely upon this issue, and the same verdict returned, a different question would be presented from the one we are now considering, and concerning which it would be improper for the court to now express an opinion. The motion for a new trial is sustained.

Let an order be entered, setting aside the verdict and awarding a new trial.